UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LAWRENCE GREEN,

                        Plaintiff,

                                                    **MEMORANDUM & ORDER**
            - against -                              22-CV-3685 (PKC) (JRC)

MS. ROSLYNN RENEE MAUSKOPF, MS.
LOIS BLOOM, MR. STEVEN MICHAEL
GOLD, MS. KIYO ANN MATSUMOTO, MR.
ROBERT ALLEN KATZMAN, and MR.
FREDERICK MICHAEL MAURIN

                        Defendants.
--------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

        Plaintiff Lawrence Green brings this *pro se* action against United States District Court

Judges Roslynn R. Mauskopf and Kiyo A. Matsumoto; the late United States Court of Appeals

Judge Robert A. Katzmann; Magistrate Judge Lois Bloom; former Magistrate Judge Steven M.

Gold; and Frederick M. Maurin, an employee of the Social Security Administration (collectively,

"Defendants").  Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted.  For the reasons

stated here, Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which

relief may be granted.

## BACKGROUND

        Plaintiff is not a stranger to this Court, having previously brought five other actions in this

District.  All of Plaintiff's actions stem from the first one—a social security appeal filed in

September 2014 challenging the denial of Plaintiff's application for disability benefits by the

Social Security Administration ("SSA").  *See Green v. Commissioner of Social Security*, No. 14-

CV-5489 (KAM).  While that case was pending, Plaintiff filed a second action in July 2015 against

Defendant Maurin and Jason P. Peck, the Assistant United States Attorney ("AUSA") who was

assigned to represent the Commissioner of the SSA in the first action, claiming that he had not received certain documents from the defendants in connection with the first case. *See Green v. Maurin et al.*, No. 15-CV-3967 (KAM) (SMG). Judge Matsumoto dismissed the second action for failure to state a claim upon which relief could be granted. In December 2016 Plaintiff brought a third action, naming the same two defendants as in the second action, as well as Judge Matsumoto herself. *See Green v. Matsumoto et al.*, No. 16-CV-7156 (RRM) (SMG). Judge Mauskopf dismissed the third action as barred by the doctrine of absolute immunity as to AUSA Peck and Judge Matsumoto, and because Plaintiff failed to allege that Maurin was personally involved in alleged violations. In December 2017, Judge Matsumoto issued an order in the first action, affirming the denial of disability benefits by the SSA to Plaintiff. *See Green*, No. 14-CV-5489 (KAM). In March 2019, Plaintiff commenced a fourth action, this time only against Maurin, alleging failure to inform the Court regarding the death of an SSA attorney assigned to one of Plaintiff's prior actions and fraud in connection with his first action. *See Green v. Maurin*, No. 19-CV-1494 (KAM) (SMG). After giving Plaintiff an opportunity to file an amended complaint, Judge Matsumoto dismissed the complaint for failure to state a claim. In November 2019, Plaintiff filed his fifth action, naming Maurin, Judge Matsumoto, and Judge Gold—the Magistrate Judge assigned to three of Plaintiff's prior actions. *See Green v. Matsumoto et al.*, No. 19-CV-6521 (RRM) (LB). Judge Mauskopf dismissed the action with prejudice and warned Plaintiff against filing future frivolous actions.

In the instant action, Plaintiff again names Maurin, Judge Matsumoto, and former Magistrate Judge Gold, as well as Judges Bloom, Mauskopf, and Katzmann as defendants. The Court construes Plaintiff's complaint as asserting claims against all Defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's

handwritten complaint is difficult to decipher but appears to allege "fraud" in Plaintiff's prior cases committed by Defendants.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cty*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Complaints filed by *pro se* litigants are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of the claim against each defendant. *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*,

230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

## DISCUSSION

Plaintiff's claims against Judges Katzmann, Matsumoto, Mauskopf, Bloom, and Gold are barred by absolute judicial and quasi-judicial immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Li v. Lorenzo*, 712 F. App'x. 21, 23 (2d Cir. 2017) (summary order). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can judges "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11, 13 (second alteration in original). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Accordingly, Plaintiff's claims against the judicial Defendants are barred by the doctrine of judicial immunity and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Moreover, Plaintiff's prior claims against Defendant Maurin were dismissed on the merits, with prejudice, and without leave to replead. *See Green*, No. 19-CV-06521 (RRM) (LB). Therefore, plaintiff's current claims against Maurin, which appear the same as his previous ones, are precluded and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Although dismissal of a *pro se* plaintiff's claims for failure to state a claim is generally without prejudice and with leave to replead, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, the Court finds that amendment of

4

Plaintiff's claims would be futile and thus does not grant Plaintiff leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## WARNING

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted). Plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking IFP status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)).

## CONCLUSION

For the reasons stated here, Plaintiff's *pro se* complaint is dismissed with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because it would be futile to permit Plaintiff to file an amended complaint, leave to amend is denied. The Clerk of Court is respectfully directed to enter judgment, mail a copy of the judgment and this Memorandum and Order to the Plaintiff, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_/s/ Pamela K. Chen_
Pamela K. Chen
United States District Judge

Dated: June 27, 2022
       Brooklyn, New York